SUPREME COURT OF THE STATE OF NEW YORK
BRONX COUNTY

------------------------------------------------------------------X

LOUIS SOJO

,

                    Plaintiff,

           - against -

CITY OF NEW YORK,
NEW YORK CITY POLICE
DEPARTMENT, CAPTAIN JULIO
DELGADO, Individually and in his
professional capacity,

                   Defendants.

------------------------------------------------------------------X

**SUMMONS**

Index No.:

Plaintiff designates
BRONX COUNTY as
the place of trial.
The basis of venue is
The place where all
acts occurred

To the above named defendant(s):

      **YOU ARE HEREBY SUMMONED** to serve an Answer on the plaintiff's attorney(s)

within twenty (20) days after the service of this Summons and Verified Complaint, exclusive of

the day of service (or within 30 days after the service is complete if this Summons is not personally

delivered to you within the State of New York); and in case of your failure to appear or answer,

judgment will be taken against you by default for the relief demanded in the Verified Complaint:

Dated: Larchmont, New York
       October 27, 2021

                        Yours, etc.,

                        **CRONIN & BYCZEK, LLP**
                        *Attorneys for Plaintiffs*

BY: _____
                        Linda M. Cronin, Esq.
                        178 Myrtle Boulevard, Suite 105
                        Larchmont, New York 10538
                        (516) 358-1700

TO:

CITY OF NEW YORK
c/o NEW YORK CITY LAW DEPARTMENT
100 Church Street
New York, New York   10007


NEW YORK CITY POLICE DEPARTMENT
One Police Plaza
New York, New York   10038



CAPTAIN JULIO DELGADO (Retired)
One Police Plaza
New York, New York  10007

SUPREME COURT OF THE STATE OF NEW YORK
BRONX COUNTY
--------------------------------------------------------------------X
LOUIS SOJO,

                              Plaintiffs,                    **COMPLAINT**

          - against -

CITY OF NEW YORK,
NEW YORK CITY POLICE DEPARTMENT,
CAPTAIN JULIO DELGADO,
 Individually  and in his  professional capacity,

                              Defendants.
--------------------------------------------------------------------X

        Plaintiff LOUIS SOJO, by his attorneys CRONIN & BYCZEK, LLP, complaining of

defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT and CAPTAIN

JULIO DELGADO, being sued in his individual and official capacity as employee of the CITY,

allege that:

## NATURE OF ACTION

1.  This is an action for equitable relief and money damages on behalf of plaintiff LOUIS SOJO

    (hereinafter referred to as "SOJO") who was deprived of his statutory and constitutional

    rights as a result of the defendants' policies and practices of discrimination based upon their

    race, color, hostile work environment and retaliation. Said policies were implemented under

    color of law.

## JURISDICTION AND VENUE

2.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343 and 2202 to

    secure protection of and to redress deprivation of rights secured by:

    a.  The Civil Rights Act of 1871, 42 U.S.C. § 1983, providing for the protection of all

        persons in their civil rights and the redress of deprivation of rights under color of

                                          1

law;

b.   The unlawful employment practices, violations of plaintiff's civil rights and tortious

acts complained of herein were committed within the City of New York.

c.   The New York State Executive Law § 296; and New York City Administrative

Code § 8-502, because the entire action before the court comprises one

constitutional and civil rights case, and the claims arise out of the same common

nucleus of facts and are such that the plaintiff would ordinarily be expected to try

them in one judicial proceeding.

## **PLAINTIFF**

3.   Plaintiff LOUIS SOJO is a male Hispanic of Puerto Rican decent, a citizen of the United

States of America and is over twenty-one (21) years of age, a resident of Westchester County

and the State of New York and was an employee of defendant CITY OF NEW YORK

(hereinafter referred to as the "CITY") more specifically the NEW YORK CITY POLICE

DEPARTMENT (hereinafter referred to as the "NYPD").  For the purposes of this litigation,

NYPD may be used interchangeably with Defendant CITY to identify the employer which is

Defendant CITY.


## **DEFENDANTS**

4.   Defendant CITY OF NEW YORK ("CITY") is a municipal entity created and authorized

under the laws of the CITY and State of New York.  CITY is authorized by law to maintain

a Police Department ("NYPD") that acts as its agent and for which it is ultimately

responsible.

5. Defendant CITY is an employer as defined in New York State Law and the New York City Administrative Code, employing more than fifteen (15) employees, and is engaged in an industry affecting commerce.

6. Defendant NEW YORK CITY POLICE DEPARTMENT ("NYPD") operates under the direct authority of the CITY and is the official CITY agency and maintains control offices at 1 Police Plaza, New York, New York.

7. Defendant Captain JULIO DELGADO (hereinafter DELGADO) is a white male of Hispanic descent, was at all relevant times a Captain for the New York City Police Department and is acting in such capacity at all times relevant herein. Defendant DELGADO was at all relevant times the Plaintiffs' supervisor and is sued in his individual and official capacity. Upon information and belief DELGADO was asked to resign and forfeit his statutory right to reapply to NYPD ON July 19, 2021 while found guilty of Disciplinary Charges and Specifications relative to his illegal and unconstitutional interaction with SOJO.

8. Upon information and belief DELGADO has had numerous complaints and charges of discrimination against him. Additionally, DELGADO along with the CITY have been subjected to civil lawsuits concerning discrimination and retaliation, with respect to discrimination against other subordinate members of the service one of whom was Muslim,

## PROCEDURAL REQUIREMENTS

9. Plaintiff has filed suit with this Court within the applicable statute of limitations period.

3

10. Plaintiff is not required to exhaust any administrative procedures prior to suit under the Civil Rights Act of 1871.

## FACTUAL BACKGROUND

11. Plaintiff SOJO is a HISPANIC male who complained of race discrimination, harassment, hostile work environment and retaliation.  Said information was known to all defendants.

12. Plaintiff SOJO had filed an internal OEEO Charges on September 2, 2020 as well as Federal EEOC charge against all Defendants.

13. Plaintiff SOJO is employed by the CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT. His date of appointment was December 8, 1997, his date of appointment as a Sergeant was August 1, 2003, and his date of appointment as a Lieutenant was September 29, 2014.

14. SOJO was well qualified for his job and was the recipient of numerous community accolades and community awards. SOJO has specialized training and has received certificates. SOJO enjoyed "Excellent" evaluations and exceeded requirements.  In his over 20 years of service SOJO had never been "chronic sick" and maintained an unblemished disciplinary record.

15. SOJO was hand selected for the "Joint Terrorism Task Force" (subsequently retitled "Strategic Response Group" or SRG) in May 2015. SRG is part of a larger Division within NYPD that is world renown and considered the Elite among the elite of Units.

4

16. From the date Defendant DELGADO was assigned to command the SRG-2 where SOJO was assigned, in January 2018, he subjected SOJO to a continuing pattern and practice of discrimination and hostile work environment based upon his race and ethnicity, and in retaliation for complaining about defendants' discriminatory actions and other wrongdoings.

17. Plaintiff asserts that the defendants CITY OF NEW YORK and specifically the upper management in NYPD engage in a pattern and practice of discrimination against Hispanics and other minority officers.

18. Since encountering DELGADO as a fellow Sergeant in the 50th precinct, DELGADO unleashed repeated insults and race disparaging remarks against SOJO.  As the two were of the same rank DELGADO had no power over SOJO.  As a "hazing" antic DELGADO took SOJO'S locker and mutilated it such that SOJO had trouble getting into his locker each morning causing SOJO to be late for Rollcall every tour. Notwithstanding the fact, that the Supervisors were aware of DELGADO'S antics and that the behavior was against the NYPD Patrol Guide and against the law and that SOJO  requested that DELGADO be spoken to, upon information and belief no one admonished DELGADO and his antics against rookies, minorities and anyone who challenged him was allowed to continue.

19. However, when assigned to SRG-2 DELGADO had achieved the rank of Captain and was indeed in a position of power over SOJO. DELGADO relentlessly referred to SOJO as a "spic" a "Mexican" and disparaged SOJO in the fact that he had landscaping business. Additionally, DELGADO referred to SOJO as a "slumlord" and the "Spic Trump", all while in front of other Members of the Service of lower rank.  DELGADO'S behavior has

5

severely undermined SOJO with his subordinates and belittled him in front of the entire Command.

20. SOJO attempted on numerous occasions to speak to DELGADO to get him to curtail this behavior, to no avail. SOJO spoke to their Supervisor of SRG-2, Chief D'Adamo a white male on May 7, 2020, in an effort to get him to counsel DELGADO on his discriminatory and hostile behavior, to no avail.

21. Further, SOJO complained to Lieutenant McCarthy a white male of the SOD Investigations ("Special Operations Division") the Division that oversaw and investigated complaints in SRG-2, again to no avail.

22. In furtherance of his campaign against SOJO, DELGADO has threatened SOJO'S livelihood by eliminating his overtime, refusing to assign him to work the Desk duty and refusing to grant him his right to a meal and relief from duty to use the bathroom in furtherance of his campaign of harassment and creation of a hostile environment. This abhorrent behavior and treatment of SOJO by singling him out was glibly referred to in the Division as the "SOJO Rule".

23. All subordinates and Supervisors were aware of the discrimination and hostility including but not limited to Officer Amy Melencio, Sergeant Elias Vasquez and most important the Administrative Lieutenant Adam Mellusi, the Member of the Service tasked with reporting discrimination, retaliation and hostile work environments.

24. On July 4, 2019, SOJO and his partner were on meal and entering the "Whole Foods" store for some food. A homeless man had stolen some food and SOJO resolved the incident by paying for the homeless man's food. DELGADO was incensed and berated and belittled him for the effort by stating in front of SOJO'S subordinates that "you are not a real cop."

25. DELGADO made efforts to discipline and criticize SOJO for not making the arrest of the homeless man. When the incident received National News attention "COP WITH A HEART", and SOJO received accolades from the Chief of the Department Monahan for his actions, DELGADO was forced to back off the criticism and discipline with respect to that incident. However, that infuriated DELGADO and served to only ramp up his criticism, disparaging remarks and hostility in other areas.

26. Not satisfied with simply curtailing SOJO'S overtime, making the terms and conditions of his employment miserable by denying a meal or bathroom break and counter-manning SOJO'S authority with his subordinates, DELGADO tried to charge SOJO on March 2019, with "failing to relieve an officer of patrol rank who was on a hospital sit.

27. On July 2020, DELGADO threatened SOJO with Insubordination, the highest form of Discipline in NYPD, a para-military organization. SOJO had never been disciplined in his 23year career. SOJO complained to Administration and successfully argued that "Discourtesy" cannot be the subject of a Suspension and the Suspension was reduced to a "Command Discipline". However, not satisfied with that punishment DELGADO punished SOJO with an involuntary transfer and the loss of 8 days salary.

28. SOJO was forced to transfer to Manhattan and in the twilight of his career was forced to work the "midnight shift" which resulted in the further loss of overtime opportunities. Additionally, the commute to Manhattan was 30 to 40 minutes longer in each direction and forced SOJO to incur a toll. In the twilight of his career SOJO was spending less time with his family due to the commute and the change in his tour which now gave him steady days off of Monday and Tuesday after enjoying Weekend Regular days off when he was at

SRG2. The change in steady days off with school aged children has had a dramatic adverse impact on his home life.

29. SOJO has been repeatedly discriminated against, made to suffer extreme hostile work environment and has been unfairly targeted and caused to suffer retaliation for the OEEO charge.

30. SOJO has suffered extreme economic, physical, mental and emotional damages as a direct result of the aforementioned discrimination, hostile work environment and retaliation.

**VIOLATIONS AND CLAIMS ALLEGED**

**COUNT I**
**RACE DISCRIMINATION AND UNEQUAL TREATMENT  IN VIOLATION OF THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

31. Plaintiff re-alleges paragraphs 1 through 29 and incorporates them by reference as paragraphs 1 through 29 of Count V of this Complaint.

32. Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, CAPTAIN JULIO DELGADO, under color of law, personally interfered with and deprived plaintiff of his constitutional rights, including the rights: to enjoy freedom of speech, to petition his government for redress of his grievances, to be secure in his person, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law.

33. Defendant CAPTAIN DELGADO, acting individually and in his official capacity as a public official of defendant CITY under color of law, and having been fully advised that plaintiff was being deprived of his constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against plaintiff, or knowing such discrimination was taking place, knowingly omitted to act to protect plaintiff from

8

continuing deprivations of his rights to enjoy freedom of speech, to petition his government for redress of his grievances, to be secure in his person, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

34. Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT and CAPTAIN JULIO DELGADO in acting to deprive plaintiff's rights, acted intentionally, knowingly, willfully, and with gross disregard of plaintiff's rights.

35. As a result of the acts of the defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT and CAPTAIN JULIO DELGADO, under color of law, plaintiff suffered emotional distress, monetary damage, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

**COUNT II**
**COLOR DISCRIMINATION IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

36. Plaintiff re-alleges paragraphs 1 through 35 and incorporates them by reference as paragraphs 1 through 35 of Count VI of this Complaint.

37. Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT and CAPTAIN JULIO DELGADO, under color of law, personally interfered with and deprived plaintiff of his constitutional rights, including the rights: to enjoy freedom of speech, to petition his government for redress of his grievances, to be secure in his person, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law.

38. Defendant DELGADO, acting individually and in his official capacity as a public

9

official of defendant CITY under color of law, and having been fully advised that
plaintiff was being deprived of his constitutional rights, either acted in a concerted,
malicious intentional pattern to further discriminate against plaintiff, or knowing such
discrimination was taking place, knowingly omitted to act to protect plaintiff from
continuing deprivations of his rights to enjoy freedom of speech, to petition his
government for redress of his grievances, to be secure in his person, to enjoy privacy, to
be free from deprivation of life, liberty, and property without due process of law, all in
violation of 42 U.S.C. § 1983.

39. Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT and
CAPTAIN JULIO DELGADO, in acting to deprive plaintiff's rights, acted intentionally,
knowingly, willfully, and with gross disregard of plaintiff's rights.

40. As a result of the acts of the defendants CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT and CAPTAIN JULIO DELGADO, under color of law,
plaintiff suffered emotional distress, monetary damage, and incurred medical and legal
expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing
the claims herein.

## COUNT III
### RETALIATION IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

41. Plaintiff re-alleges paragraphs 1 through 40 and incorporates them by reference as
paragraphs 1 through 40 of Count VII of this Complaint.

42. Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT and
CAPTAIN JULIO DELGADO, under color of law, personally interfered with and
deprived plaintiff of his pension and constitutional rights, including the rights: to enjoy

freedom of speech, to petition his government for redress of his grievances, to be secure in his person, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law.

43. Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT and CAPTAIN JULIO DELGADO, acting individually and in his official capacity as a public official of defendant CITY, under color of law, and having been fully advised that plaintiff was being deprived of his constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against plaintiff by engaging in retaliatory acts, or knowing such discrimination was taking place, knowingly omitted to act to protect plaintiff from continuing deprivations of his rights to enjoy freedom of speech, to petition his government for redress of his grievances, to be secure in his person, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

44. As a result of the acts of the defendants' under color of law, plaintiff suffered emotional distress, monetary damage, loss of pension rights, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT VI
### HOSTILE WORK ENVIRONMENT IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

45. Plaintiff re-alleges paragraphs 1 through 44 and incorporates them by reference as paragraphs 1 through 44 of Count VIII of this Complaint.

46. Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT and CAPTAIN JULIO DELGADO, under color of law, personally interfered with and deprived plaintiff of his constitutional rights, including the rights: to enjoy freedom of speech, to petition his government for redress of his grievances, to be secure in his person, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law.

47. Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT and CAPTAIN JULIO DELGADO, acting individually and in his official capacity as a public official of defendant CITY, under color of law, and having been fully advised that plaintiff was being deprived of his pension and constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against plaintiff, or knowing such discrimination was taking place, knowingly omitted to act to protect plaintiff from continuing deprivations of his rights to enjoy freedom of speech, to petition his government for redress of his grievances, to be secure in his person, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

48. As a result of the acts of the defendants' under color of law, plaintiff suffered emotional distress, monetary damage, loss of pension rights, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

**COUNT V**
**RACE DISCRIMINATION IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981**

12

49. Plaintiff re-alleges paragraphs 1 through 48 and incorporates them by reference as paragraphs 1 through 48 of Count IX of this Complaint.

50. That by the aforesaid discriminatory acts and omissions of Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT and CAPTAIN JULIO DELGADO, acting individually and in his official capacity as a public official of defendant CITY interfered with plaintiff's right to enforce contracts under the color of State Law.

51. That the purpose of Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, and CAPTAIN JULIO DELGADO, in so acting was to prevent plaintiff, through economic and psychological intimidation, from seeking the equal protection of the laws, and from enjoying the equal privileges and immunities of citizens under the Constitution and laws of the United States and the State of New York including but not limited to enjoy his right to freedom of speech, to petition his government for redress of his grievances, to enjoy privacy, and deprivation of life, liberty, and property without due process of law.

52. Pursuant to their conduct, the Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT and CAPTAIN JULIO DELGAO, acted to deprive the plaintiff of his civil rights, by repeated and insidious acts of harassment, intimidation, bad faith and threat, all in violation of 42 U.S.C. § 1981.

53. As a result of the aforesaid acts, depriving plaintiff of his civil rights, plaintiff suffered mental anguish, emotional distress, loss of employment opportunities, and other monetary damages.

## COUNT VI
## COLOR DISCRIMINATION IN VIOLATION OF

## THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981

54. Plaintiff re-alleges paragraphs 1 through 53 and incorporates them by reference as paragraphs 1 through 53 of Count X of this Complaint.

55. That by the aforesaid discriminatory acts and omissions of Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT and CAPTAIN JULIO DELGADO, acting individually and in his official capacity as a public official of defendant CITY interfered with plaintiff's right to enforce contracts under the color of State Law.

56. That the purpose of Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT and CAPTAIN JULIO DEGADO, in so acting was to prevent plaintiff, through economic and psychological intimidation, from seeking the equal protection of the laws, and from enjoying the equal privileges and immunities of citizens under the Constitution and laws of the United States and the State of New York including but not limited to enjoy his right to freedom of speech, to petition his government for redress of his grievances, to enjoy privacy, and deprivation of life, liberty, and property without due process of law.

57. Pursuant to their conduct, the Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT and CAPTAIN DELGADO acted to deprive the plaintiff of his civil rights, by repeated and insidious acts of harassment, intimidation, bad faith and threat, all in violation of 42 U.S.C. § 1981.

58. As a result of the aforesaid acts, depriving plaintiff of his civil rights, plaintiff suffered mental anguish, emotional distress, loss of employment opportunities, and other monetary damages.

14

## COUNT VII
### RETALIATION IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981

59. Plaintiff re-alleges paragraphs 1 through 58 and incorporates them by reference as paragraphs 1 through 58 of Count XI of this Complaint.

60. Plaintiff alleges that Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT and CAPTAIN JULIO DELGADO acting individually and in his official capacity as a public officials of defendant CITY, engaged in various retaliatory actions against plaintiff as a result of his opposition to race and color discrimination.

61. That the purpose of Defendants acting individually and in their official capacities as public officials of defendant CITY, in so acting was to prevent plaintiff, through economic and psychological intimidation, from seeking the equal protection of the laws, and from enjoying the equal privileges and immunities of citizens under the Constitution and laws of the United States and the State of New York.

62. Pursuant to their conduct, the defendants acted to deprive the plaintiff of his civil rights, by repeated and insidious acts of harassment, intimidation, bad faith and threat, all in violation of 42 U.S.C. § 1981.

63. As a result of the aforesaid acts, depriving plaintiff of his civil rights, plaintiff suffered mental anguish, emotional distress, loss of employment opportunities, and other monetary damages.

## COUNT VIII
### HOSTILE WORK ENVIRONMENT IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981

64. Plaintiff re-alleges paragraphs 1 through 63 and incorporates them by reference as paragraphs 1 through 63 of Count XII of this Complaint.

15

65. Plaintiff alleges that Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, JAMES O'NEILL, Commissioner of the NYC Police Department, and CAPTAIN JULIO DELGADO, acting individually and in their official capacities as public officials of defendant CITY, engaged in various severe and hostile actions against plaintiff as a result of his opposition to race and color discrimination.

66. That the purpose of Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT and CAPTAIN JULIO DELGADO, in so acting was to prevent plaintiff, through economic and psychological intimidation, from seeking the equal protection of the laws, and from enjoying the equal privileges and immunities of citizens under the Constitution and laws of the United States and the State of New York.

67. Pursuant to their conduct, the defendants acted to deprive the plaintiff of his civil rights, by repeated and insidious acts of harassment, intimidation, bad faith and threat, all in violation of 42 U.S.C. § 1981.

68. As a result of the aforesaid acts, depriving plaintiff of his civil rights, plaintiff suffered mental anguish, emotional distress, loss of employment opportunities, and other monetary damages.

**COUNT IX**
**RACE DISCRIMINATION IN VIOLATION OF**
**NEW YORK STATE EXECUTIVE LAW § 296**

69. Plaintiff re-alleges paragraphs 1 through 68 and incorporates them by reference as paragraphs 1 through 68 of Count XIII of this Complaint.

70. Plaintiff alleges that New York State Executive Law §296, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based upon race for having made charges of same.

71. Plaintiff alleges that based upon the foregoing, defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT and CAPTAIN JULIIO DELGADO, discriminated against the Plaintiff based on his race for having made charges of same.

72. Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT and CAPTAIN JULIO DELGADO, plaintiff has suffered the indignity of race discrimination, and great humiliation.

73. Plaintiff alleges that because of defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, and CAPTAIN JULIO DELGADO's violations, Plaintiff has been damaged.

## COUNT X
## COLOR DISCRIMINATION IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

74. Plaintiff re-alleges paragraphs 1 through 73 and incorporates them by reference as paragraphs 1 through 73 of Count XIV of this Complaint.

75. Plaintiff alleges that New York State Executive Law §296, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based upon color for having made charges of same.

76. Plaintiff alleges that based upon the foregoing, defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT and CAPTAIN JULIO DELGADO, discriminated against the Plaintiff based on his color for having made charges of same.

77. Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT and

CAPTAIN JULIO DELGADO, plaintiff has suffered the indignity of color discrimination, and great humiliation.

78. Plaintiff alleges that because of defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT and CAPTAIN JULIO DELGADO's violations, Plaintiff has been damaged.

### COUNT XI
### RETALIATION IN VIOLATION OF
### NEW YORK STATE EXECUTIVE LAW § 296

79. Plaintiff re-alleges paragraphs 1 through 78 and incorporates them by reference as paragraphs 1 through 78 of Count XV of this Complaint.

80. Plaintiff alleges that New York State Executive Law §296, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based upon race and color and makes it illegal to retaliate for charging same.

81. Plaintiff alleges that based upon the foregoing, defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT and CAPTAIN JULIO DELGADO discriminated against the Plaintiff based on race and color and in retaliation for charging same.

82. Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT and CAPTAIN JULIO DELGADO, plaintiff has suffered the indignity of retaliation and great humiliation.

83. Plaintiff alleges that because of defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT and CAPTAIN JULIO DELGADO's violations, Plaintiff has been damaged.

## COUNT XII
### HOSTILE WORK ENVIRONMENT IN VIOLATION OF
### NEW YORK STATE EXECUTIVE LAW §296

84. Plaintiff re-alleges paragraphs 1 through 83 and incorporates them by reference as paragraphs 1 through 83 of Count XVI of this Complaint.

85. Plaintiff alleges that New York State Executive Law §296, makes it unlawful to create, condone and/or tolerate a hostile working environment based upon race or color, harassment, and retaliation.

86. Plaintiff alleges that based upon the foregoing, defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT and CAPTAIN JULIO DELGADO created, condoned and tolerated a hostile working environment which negatively affected the terms and conditions of his employment.

87. Plaintiff alleges that Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT and CAPTAIN JULIO DELGADO created, condoned and tolerated a hostile working environment which caused Plaintiff to sustain damages.

## COUNT XIII
### RACE DISCRIMINATION IN VIOLATION OF
### NEW YORK CITY ADMINISTRATIVE CODE § 8-107

88. Plaintiff re-alleges paragraphs 1 through 87 and incorporates them by reference as paragraphs 1 through 87 of Count XVII of this Complaint.

89. Plaintiff alleges that New York City Administrative Code §8-107, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based upon race and makes it illegal to retaliate for charging same.

INDEX NO. 816002/2021E
Case 1.22-cv-02147 Document 3 Filed 03/15/22 Page 22 of 25
RECEIVED NYSCEF: 11/22/2021

90. Plaintiff alleges that based upon the foregoing, defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT and CAPTAIN JULIO DELGADO discriminated against the Plaintiff based upon his race and in retaliation for charging same.

91. Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT and CAPTAIN JULIO DELGADO, Plaintiff has suffered the indignity of race discrimination, retaliation and great humiliation.

92. Plaintiff alleges that because of defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT and CAPTAIN JULIO DELGADO's violations, Plaintiff has been damaged.

**COUNT XIV**
**COLOR DISCRIMINATION IN VIOLATION OF**
**NEW YORK CITY ADMINISTRATIVE CODE § 8-107**

93. Plaintiff re-alleges paragraphs 1 through 92 and incorporates them by reference as paragraphs 1 through 92 of Count XVIII of this Complaint.

94. Plaintiff alleges that New York City Administrative Code §8-107, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based upon color and makes it illegal to retaliate for charging same.

95. Plaintiff alleges that based upon the foregoing, defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT and CAPTAIN JULIO DELGADO discriminated against the Plaintiff based upon his color and in retaliation for charging same.

96. Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT and

CAPTAIN JULIO DELGADO, Plaintiff has suffered the indignity of color discrimination, retaliation and great humiliation.

97. Plaintiff alleges that because of defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT and CAPTAIN JULIO DELGADO's violations, Plaintiff has been damaged.

**COUNT XV**
**RETALIATION IN VIOLATION OF**
**NEW YORK CITY ADMINISTRATIVE CODE §8-107**

98. Plaintiff re-alleges paragraphs 1 through 98 and incorporates them by reference as paragraphs 1 through 98 of Count XIX of this Complaint.

99. Plaintiff alleges that New York City Administrative Code §8-107, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based upon race and color and makes it illegal to retaliate for charging same.

100.    Plaintiff alleges that based upon the foregoing, defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT and CAPTAIN JULIO DELGADO discriminated against the Plaintiff based upon his race and color and in retaliation for charging same.

101.    Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of Defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT and CAPTAIN JULIO DELGADO, Plaintiff has suffered the indignity of race and color discrimination, retaliation and great humiliation.

102.    Plaintiff alleges that because of defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT and CAPTAIN JULIO DELGADO's violations, Plaintiff has been damaged.

Case 1:22-cv-02147   Document 3   Filed 03/15/22   Page 24 of 25

## COUNT XVI
## HOSTILE WORK ENVIRONMENT IN VIOLATION OF
## NEW YORK CITY ADMINISTRATIVE CODE §8-107

103.     Plaintiff re-alleges paragraphs 1 through 102 and incorporates them by reference as

paragraphs 1 through 102 of Count XX of this Complaint.

104.     Plaintiff alleges that New York City Administrative Code §8-107, makes it

unlawful to create, condone or and/or tolerate a hostile working environment based upon

race and color discrimination, and retaliation for charging same.

105.     Plaintiff alleges that based upon the foregoing, defendants CITY OF NEW YORK,

NEW YORK CITY POLICE DEPARTMENT and CAPTAIN JULIO DELGADO created,

condoned and/or tolerated a hostile working environment which negatively affected the

terms and conditions of his employment.

106.     Plaintiff alleges that defendants CITY OF NEW YORK, NEW YORK CITY

POLICE DEPARTMENT and CAPTAIN JULIO DELGADO'S violations caused Plaintiff

to sustain damages.

## JURY TRIAL

107.     Plaintiff demands a trial by jury of all issues in this action that are so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands compensatory and punitive damages from these

Defendants jointly and severally, in an amount to be determined at trial, plus any available

statutory remedies, both legal and equitable, and interests and costs.

22

Dated: August 2, 2021
Larchmont, New York

Yours, etc.,

**CRONIN & BYCZEK, LLP**
*Attorneys for Plaintiffs*

BY: _____
Linda M. Cronin
178 Myrtle Boulevard, Suite 105
Larchmont, New York 10538
(516) 358-1700

23